1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9    RUFUS BOHNIE LEVELS, JR.         1:09-cv-02103-SMS (HC)

10             Petitioner,       ORDER REGARDING RESPONDENT'S
                                      MOTION TO DISMISS PETITION

11      v.                                 [Doc. 11]

12
13    HARRINGTON,

14             Respondent.
                                  /

15
16
17
      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

18
19
## BACKGROUND

20
      Following a jury trial, Petitioner was convicted of the following four offenses: assault by means of force likely to produce great bodily injury; corporal injury to a spouse/cohabitant, with allegations of two prior convictions of corporal injury; pimping; and, disobeying a domestic relations order.  Petitioner admitted a prior "strike" felony conviction.  (CT 161, 163-166.)  Petitioner was sentenced to sixteen years imprisonment.  (CT 319, 324-325.)

21
22
23
24
      Petitioner filed a timely notice of appeal.  On June 23, 2008, the California Court of Appeal, Fifth Appellate District affirmed Petitioner's conviction, but remanded the case to the trial court for resentencing because the court failed to pronounce sentence on one count.  (Lodged Doc. No. 4.)

25
26
27
28

1    On July 8, 2008, Petitioner filed a petition for review in the California Supreme Court.

2  (Lodged Doc. No. 5.)  The petition was denied on October 1, 2008.  (Lodged Doc. No. 6.)

3    Petitioner filed the instant federal petition for writ of habeas corpus on December 3, 2009.

4  (Court Doc. 1.)  On February 23, 2010, Respondent filed a motion to dismiss the petition for

5  failure to exhaust one of the claims.  (Court Doc. 11.)  On March 15, 2010, Petitioner filed a

6  response to Respondent's motion.  (Court Doc. 13.)

7                                          DISCUSSION

8  I.     Procedural Grounds for Motion to Dismiss

9    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

10  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

11  petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to

12  Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state

13  remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as

14  to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the

15  ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss

16  under Rule 4 of the Rules Governing Section 2254 Cases.  See, e.g., O'Bremski v. Maass, 915

17  F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley,

18  533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254

19  Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its

20  authority under Rule 4.

21  II.    Exhaustion of State Remedies

22    A petitioner who is in state custody and wishes to collaterally challenge his conviction by

23  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

24  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

25  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

26  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

27  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

28

1       A petitioner can satisfy the exhaustion requirement by providing the highest state court

2   with a full and fair opportunity to consider each claim before presenting it to the federal court.

3   Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

4   829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

5   opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

6   factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

7   basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

8   Additionally, the petitioner must have specifically told the state court that he was raising a

9   federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

10  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

11  violated his due process rights "he must say so, not only in federal court but in state court."

12  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

13  insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

14  Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

15  that the "due process ramifications" of an argument might be "self-evident."); Gray v.

16  Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

17  must include reference to a specific federal constitutional guarantee, as well as a statement of the

18  facts which entitle the petitioner to relief.").

19      Additionally, the petitioner must have specifically told the state court that he was raising

20  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

21  669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

22  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

23  Supreme Court reiterated the rule as follows:

24          In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
        of state remedies requires that petitioners "fairly presen[t]" federal claims to the
25      state courts in order to give the State the "'opportunity to pass upon and correct
        alleged violations of the prisoners' federal rights" (some internal quotation marks
26      omitted). If state courts are to be given the opportunity to correct alleged violations
        of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
27      are asserting claims under the United States Constitution. If a habeas petitioner

28

1     wishes to claim that an evidentiary ruling at a state court trial denied him the due
2     process of law guaranteed by the Fourteenth Amendment, he must say so, not only
      in federal court, but in state court.

3

4     Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

5              Our rule is that a state prisoner has not "fairly presented" (and thus
         exhausted) his federal claims in state court *unless he specifically indicated to*
6        *that court that those claims were based on federal law*. See Shumway v. Payne,
         223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
7        Duncan, this court has held that the *petitioner must make the federal basis of the*
         *claim explicit either by citing federal law or the decisions of federal courts, even*
8        *if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
         (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
9        underlying claim would be decided under state law on the same considerations
         that would control resolution of the claim on federal grounds. Hiivala v. Wood,
10       195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
         (9th Cir. 1996); . . . .
11               In Johnson, we explained that the petitioner must alert the state court to
         the fact that the relevant claim is a federal one without regard to how similar the
12       state and federal standards for reviewing the claim may be or how obvious the
         violation of federal law is.

13

14    Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

15        Petitioner presents five claims in the instant petition; however, Respondent correctly

16    argues that only four of the five claims have been presented to the state's highest court.

17        A.    **Ground One**

18        Petitioner contends that his conviction for pimping was not supported by sufficient

19    evidence because "there was not enough evidence that [he] knowingly derived support or

20    maintenance from [the] victim's prostitution income." (Petition at 4.)

21        Petitioner presented this claim to the California Court of Appeal and California Supreme

22    Court, which was denied on October 1, 2008. (Lodged Doc. No. 5.) Accordingly, this claim is

23    exhausted under § 2254(b)(1).

24        B.    **Ground Two**

25        Petitioner contends that the pimping statute is unconstitutionally vague. (Petition at 4.)

26    This claim was presented to the California Supreme Court by way of petition for review.

27    (Lodged Doc. No. 5.) Accordingly, this claim is exhausted.

28

1      **C.     Ground Three**

2      Petitioner claims the trial court committed prejudicial error by failing to allow the jury to

3  consider the element of knowledge relating to the charge of pimping.  (Petition at 5, 48.)

4      Like the two prior claims, this claims was presented to the California Court of Appeal and

5  California Supreme Court, and is therefore exhausted for purposes of habeas corpus review.

6  (Lodged Doc. No. 5.)

7      **D.     Ground Four**

8      In Ground Four, Petitioner contends the trial court erred by denying his new trial motion

9  based on ineffective assistance of trial counsel. (Petition at 5.)  Although Petitioner presented this

10 claim to the California Court of Appeal, he did not present it to the California Supreme Court.

11 Therefore, this claim is not exhausted for purposes of review under § 2254(b)(1).

12     **E.     Ground Five**

13     The appellate brief filed in the California Court of Appeal, which is attached to the instant

14 federal petition, lists Ground Five as a challenge to the trial court's instruction on reasonable

15 doubt.  Petitioner presented this claim to the California Supreme Court in his petition for review.

16 Accordingly, this claim is exhausted.

17     When the petition is determined to be a mixed petition, and there are no valid grounds to

18 stay the petition, the petitioner must either amend the petition to delete the unexhausted claims

19 and proceed with the remaining exhausted claims, or accept dismissal without prejudice to

20 pursue the unexhausted claims in state court.  Rose v. Lundy, 455 U.S. at 510; see also Pilier v.

21 Ford, 542 U.S. 225 (2004).

22     In his response to the motion, Petitioner concedes that Ground Four of the instant petition

23 is not exhausted and requests to dismiss that claim from the petition.  Petitioner submits an

24 amended petition deleting Ground Four and to proceed on the exhausted claims only.  The Court

25 will grant Petitioner's request to delete the unexhausted claims and order that the amended

26 petition be filed.  Based on Petitioner's response, Respondent's motion to dismiss is now moot.

27

28

<u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that:

1.      Petitioner's motion to amend the petition is GRANTED;

2.      The Clerk of Court shall file the Amended Petition attached to Court Document Number 13;

3.      Respondent's motion to dismiss the instant petition is DENIED as MOOT;

4.      Within **sixty (60)** days from the date of service of this order, Respondent shall file a response to the Amended Petition; and

5.      All other provisions of the Court's December 22, 2009 order remain in full force and effect.

IT IS SO ORDERED.

**Dated:    March 24, 2010**                           /s/ **Sandra M. Snyder**
                                                                UNITED STATES MAGISTRATE JUDGE