UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS B. LEVELS, JR.,<br><br>　　　　Petitioner,<br><br>　v.<br><br>HARRINGTON, Warden,<br><br>　　　　Respondent. | 1:09-cv–2103-SMS-HC<br><br>INFORMATIONAL ORDER CONCERNING DISMISSAL WITHOUT PREJUDICE AND ORDER REQUIRING PETITIONER TO FILE WITHIN FOURTEEN (14) DAYS OF SERVICE OF THIS ORDER A STATEMENT OF INTENTION TO PROCEED WITH THE MOTION FOR DISMISSAL<br><br>ORDER DIRECTING PETITIONER TO SHOW GOOD CAUSE WITHIN FOURTEEN (14) DAYS OF SERVICE OF THIS ORDER FOR DISMISSAL OF THE ACTION |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in signed writings filed by Petitioner on December 17, 2009, and on behalf of Respondent on January 12, 2010.  (Docs. 5, 10). Pending before the Court is Petitioner's motion for dismissal of the petition "WITHOUT PREJUDICE TO PERSUE (sic) UNEXHAUSTED

1

CLAIM," filed in this Court by Petitioner on August 4, 2010.

I. Background

In the petition, which was filed on December 3, 2009, Petitioner challenged his 2007 convictions of assault, corporal injury to a co-habitant, pimping, and disobeying a domestic relations order sustained in Fresno County.  An amended petition was filed on March 24, 2010.  In the twenty-four-page answer to the first amended petition (FAC) filed by Respondent on May 21, 2010, Respondent admitted the timeliness of the petition and that the claims appear to have been exhausted; Respondent argued that to the extent any claim might be deemed unexhausted, the claims should be denied on the merits.  (Ans. 6.)  The answer responds on the merits to Petitioner's first and third claims concerning alleged violations of due process based on the sufficiency of the evidence and the trial court's instruction the elements of the offense of pimping. Likewise, the answer addresses the merits of Petitioner's second claim that California's pimping statute is unconstitutionally vague and/or overbroad, and his fourth claim that the instruction on reasonable doubt violated due process.

No traverse was filed, although the time for filing a traverse has expired.

II. Informational Order re: Dismissal without Prejudice

Petitioner now moves for a dismissal without prejudice of the petition in order to exhaust another claim, namely, that the trial court erred in denying Petitioner's new trial motion. (Mot. 2.)

However, it is possible and even likely that should the instant petition be dismissed, Petitioner would be unable to file

a subsequent petition.  This is because the pendency in this Court of a properly filed petition pursuant to 28 U.S.C. § 2254 does not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2).  <u>Duncan v. Walker</u>, 533 U.S. 167, 172 (2001).

The Court notes that Petitioner acknowledges the principle that it is a petition for habeas relief that is properly filed in a <u>state</u> court that tolls the running of the statute.  (Mot. 1.)  It therefore appears that Petitioner proceeds with an understanding that the running of the statutory period of limitations has not been tolled by the pendency of the instant proceedings, and that considering the circumstances of Petitioner's case, dismissal might result in the loss of an opportunity to file a timely petition in this Court, despite such a dismissal otherwise being described as a dismissal "without prejudice."

However, in an abundance of caution, the Court will direct Petitioner to file in this Court no later than fourteen (14) days after the date of service of this order either a withdrawal of the motion to dismiss, or a statement that Petitioner intends to proceed with his motion for dismissal despite his understanding that the statute of limitations may preclude him from being able to file a timely petition in the future.

II.   <u>Showing Good Cause for Dismissal</u>

A.   <u>Background</u>

On December 22, 2009, there issued a scheduling order setting forth deadlines for submission of an answer to the original petition and for filing a traverse.  (Doc. 6.)  In denying a motion to dismiss on March 24, 2009, the Court noted

3

that the terms of the previous scheduling order remained in effect. (Doc. 14, 6.)  The initial scheduling order stated that if no traverse were filed, then the petition would be deemed submitted upon the passage of thirty (30) days after the date the answer was filed. (Doc. 6, 2.)  Thus, the petition in the instant action is deemed to have been submitted to the Court thirty (30) days after the answer was filed, or on June 21, 2010.

    Further, with respect to the unexhausted claim concerning denial of Petitioner's new trial motion, this Court has previously ruled in connection with Respondent's motion to dismiss that the claim was not exhausted.  Indeed, about five months ago, Petitioner admitted non-exhaustion in response to Respondent's motion to dismiss, and Petitioner requested that the claim be dismissed and that he be allowed to proceed on the exhausted claims. (Docs. 13, 14 at 5.)  The Court granted Petitioner's motion to file an amended petition without the unexhausted claim. (Id. at 5-6.)  Thereafter, Respondent filed a lengthy answer addressing the merits of all of Petitioner's exhausted claims.

    On August 11, 2010, Respondent filed a statement of non-opposition to Petitioner's motion to dismiss in which Respondent expressly stated that there is no waiver of the right to assert any defense or procedural default arising from the dismissal of the current amended petition and any subsequent filing by Petitioner that may be time-barred.

    B.   Legal Standards

   Although habeas corpus proceedings are characterized as civil in nature, Rule 12 of the Rules Governing § 2254 Cases in

4

the United States District Courts (Habeas Rules) provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or the rules, may be applied to a proceeding under Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts.  The Advisory Committee's Notes caution that the civil rules apply only when it would be appropriate to do so and would not be inconsistent or inequitable in the overall framework of habeas corpus. Mayle v. Felix, 545 U.S. 644, 654-655 n. 4 (2005).

The instant motion presents the Court with concerns that are analogous with those presented by similar motions in other civil actions.  The Court seeks to achieve the orderly disposition of cases and to conserve the resources of the Court and the parties. The Court will thus apply the Federal Rules of Civil Procedure in considering Petitioner's motion for dismissal of the case.

Fed. R. Civ. P. 41(a) provides that an action may be dismissed voluntarily by a plaintiff without a court order by noticing the dismissal before an answer is filed, or by stipulation; otherwise, an action may be dismissed at a plaintiff's request "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a).

Fed. R. Civ. P. 16(b)(4) provides that a schedule may be modified only for good cause and with the judge's consent.

III.   Disposition

Accordingly, it is ORDERED that:

1) Petitioner is DIRECTED to file in this Court no later than fourteen (14) days after the date of service of this order either a withdrawal of the motion to dismiss, or a statement that

Petitioner intends to proceed with his motion for dismissal despite his understanding that the statute of limitations may preclude him from being able to file a timely petition in the future; and

    2) Petitioner is DIRECTED to show good cause in writing no later than fourteen (14) days after the date of service of this order for granting dismissal of this action at this advanced stage of the proceedings; thereafter, the motion will be deemed submitted to the Court for decision; and

    3) Petitioner is INFORMED that a failure to comply with this order will be considered to be a failure to comply with an order or the Court and may result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   August 12, 2010**                    /s/ Sandra M. Snyder
                                                       UNITED STATES MAGISTRATE JUDGE